```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

_____

MICHAEL DANIELS,

      Plaintiff,

vs.                                  No. 05-2915-B/V

NAHEM NAIMEY, et al.,

      Defendants.

_____

```
                    ORDER ASSESSING FILING FEE
                        ORDER OF DISMISSAL
                               AND
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

Plaintiff Michael Daniels, Bureau of Prisons registration number 02645-890, an inmate at the Federal Correctional Institution ("FCI"),[1] in Terre Haute, Indiana, who was formerly incarcerated at FCI Memphis filed a complaint under Bivens v. Six Unknown Fed. Agents, 403 U.S. 388 (1971). The Clerk of Court shall file the case and record the defendants as Nahem Naimey and Joyce Anderson.

I.    ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the

_____

     [1]    The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the

amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Daniels sues FCI Memphis Clinical Director Dr. Nahem Naimey and Health Services Administrator Joyce Anderson for their failure to provide proper medical care during his incarceration at FCI Memphis.  Daniels alleges that on July 19, 2004, he suffered from a cough which became increasingly painful and ultimately, progressed to the point that he was coughing up blood.  He claims that despite his pain, Anderson told him to sign up for sick call whereupon Naimey dismissed his complaints telling him he would be seen by a physician's assistant.  Plaintiff states that he went to health services on July 21, 22, and 23, 2004, and was threatened with segregation because he was "hanging around."  He alleges that July 24, 2004, was the date he developed blood in his sputum, but the defendants told him to sign up for sick call the following Monday.  Daniels contends that he was given a shot for pain on July 30, 2004, and had x-rays taken on August 2, 2004.  On August 9, 2004, plaintiff states that he was "rushed to an outside hospital and emergency surgery was performed."

Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies.  Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).  Prisoners have an affirmative burden to plead particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. June 15, 2000).  Section

1997e(a) applies to claims seeking monetary damages.  Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999).

Plaintiff has attached copies of his administrative remedy form and responses.  He requested "appropriate diagnosis and treatment of his pain" and also sought "immediate attention."  However, his grievance does not name Naimey and Anderson as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her) and Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003).  Thus, his allegations are insufficient to satisfy the exhaustion requirement of § 1997e(a).  Despite this failing, however, 28 U.S.C. 1997e(c)(2) provides that a court may, despite a lack of exhaustion, dismiss a complaint which is frivolous or fails to state a claim:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the Court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).  This Court, therefore, analyzes prisoner complaints under § 1997e(c)(2).

The Eighth Amendment prohibits cruel and unusual punishment.  See generally Wilson v. Seiter, 501 U.S. 294 (1991).  Under the United States Supreme Court decision of Estelle v. Gamble, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton

5

infliction of pain,' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Id.

An Eighth Amendment claim consists of objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Within the context of Estelle claims, the objective component requires that the medical need be sufficiently serious. Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in Farmer v. Brennan, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

Plaintiff does not provide any allegations demonstrating that anyone was deliberately indifferent to his medical needs. He admits that he received evaluation and x-rays prior to his transfer to an outside hospital. Although plaintiff disagrees with the defendants' decisions about the timing of and need for appointments and tests, as well as the treatment given, a difference of opinion between a prisoner and a doctor about diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Westlake v. Lucas, 537 F.2d 857, 860 n. 5

(6th Cir. 1976). The warden's response to his grievance states, in part, that:

> A review of your medical record . . . determined you received an ongoing course of treatment from July 29, 2004 until you received treatment at a local outside medical facility. You were evaluated on several occasions and there are no facts present to support your contentions that your complaints were ignored and that you were denied treatment. Your complaints were promptly evaluated and propitious treatment was provided when indicated. Lack of compliance with the antibiotic treatment is likely to have contributed to lack of early resolution of your condition and to its complication.

(Plaintiff's complaint, Exhibit. B)

Even if medical personnel were negligent in the diagnosis and treatment of plaintiff's conditions, their error would amount at most to medical malpractice. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-06. The complaint simply does not allege any facts supporting a claim that the Eighth Amendment was violated.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and is, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. APPEAL ISSUES

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in

forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint which fails to state a claim upon which relief may be granted has sufficient merit to support an appeal in forma pauperis. Accordingly, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of

the installment procedures for paying the appellate filing fee,[2] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 29th day of June, 2006.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[2] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.